Our first case for argument this morning is United States v. Zavala. Mr. Mohbat. Good morning. May it please the court, my name is Amir Mohabit. I am appointed counsel for the appellant Pedro Zavala-Armendariz, who I'll refer to going forward as Mr. Zavala. This appeal, your honors, raises one issue, and that is whether the district court erred by not adequately explaining its application of the safety valve at the time of sentencing pursuant to 18 U.S.C. 3553-F. Our position is that, yes, in fact, an error did occur. And I think I'd like to draw your attention to the appellant's brief at appendix page 59. Roman numeral 2, section B, as in boy, the box is checked saying one or more counts of conviction carry a mandatory minimum term of imprisonment. But the sentence imposed is below the mandatory minimum term because the court has determined that the statutory, pardon me, that the mandatory minimum term does not apply based on the safety valve, 18 U.S.C. 3553-F. In fact, the sentence imprisonment that Judge Blakey announced is 135 months. That is above the 120-month mandatory minimum, and it falls within the guideline range. Which box should have checked? Well, if the sentence was not going to be below the mandatory minimum, nothing in section B should have been checked, your honor. But it is below the mandatory minimum, right? Because he opposed no term of supervised release. Yes, but the first line of section B says one or more counts carry a mandatory minimum term of imprisonment. And that's true. It does. But the sentence imposed is below the mandatory minimum because the court has determined that the mandatory minimum does not apply based on the statutory safety valve. At least that's the way I read it. That would be correct, your honor, but only pertaining to the supervised release component of the sentence. You see that the imprisonment sentence was above the mandatory and it should be checked when the imprisonment is below mandatory minimum. Just supervised release by itself is insufficient. Counsel, I'm puzzled by this whole line of argument. I don't see how your client has an interest in which boxes are checked. I understand your client has an interest in how much time he serves, but what is his interest in which boxes are checked? Thank you, your honor. I don't think the boxes make a whole lot of difference to Mr. Zavala. His point is the 135 month sentence was not adequately explained when factoring in the safety valve. And one way we get there is by looking to this on the record why he gave that particular sentence, but that doesn't have anything to do with checking boxes. Well, your honor, one of the points I'm raising also is that in the government's response brief, I think they make an argument of waiver. We disagree. And this document as this appendix only came to exist after the sentencing hearing. And I think this exhibit at appendix page 59 indicates the error that was made verbally also at the, we'll call it, well, it was an 11 month long, there was an 11 month gap between the sentencing start and the sentencing finish. And we understand it was a disjointed sentencing hearing. Judge Blakey, I've known him to be a patient man and I think it's demonstrated on this record he was patient because Mr. Zavala began to say things at the beginning of the sentencing hearing that caused the 11 month break in between. We've also known him to be a well-reasoned judge, but we think there was an error committed here and that review is de novo. I also think the parties get to the issue of de novo being the standard of review in different ways, but we get to the same point. As I indicated on page five of the appellant's brief, the closest case that I could find to be a corollary to the facts of this case is the Diaz-Rios case from this circuit in 2013. That case was not a safety valve case. It had to do with a mitigating role reduction under sentencing guideline 3B1.2, but the facts are otherwise very similar. Both men were low-level transporters locally of cocaine working at the behest of upper tier members of the respective conspiracies. Both men acknowledged and proffered before the government, Mr. Zavala certainly did, and the probation office recommended a sentence of 84 months incarceration. For the reasons I've indicated to your honors and as stated in the briefs, we think that the explanation of the application of the safety valve was inadequate and this case should be remanded for further proceedings. If your honors have any questions, any additional questions, I'm happy to take them now or serve the balance of my time for reply, please. Thank you, counsel. Ms. Kastanek. Good morning and may it please the court, Andriana Kastanek on behalf of the United States. The district court's within guidelines 135-month sentence was both procedurally sound as well as substantively reasonable. The court gave the defendant the benefit of safety valve eligibility. It reduced his offense level by two levels pursuant to 2D1.1. It recognized that it was not constrained by the mandatory minimum that otherwise would apply had safety valve eligibility not been established, and it, as it was required to do, balanced the 3553A factors, the aggravating and mitigating factors applicable to this case, and found that a within guidelines sentence was fair and reasonable. It reached that conclusion based on the severity of the criminal conduct, the defendant's lengthy history of deportation and reentries into the United States, committed additional offenses, and other mitigating and aggravating factors present in this case. The government recognizes that there is a potential error in the J&C, as the panel and the defense counsel noted. Our position would be it's of little import. The court made its findings as to safety valve eligibility clear on the record orally. Those oral findings would trump the J&C, but this court could always, if it found that had any consequence to the J&C, be corrected in its opinion. The government, if the court has no questions, would ask that this court affirm the defendant's sentence. Hearing none, thank you very much. Mr. Mohabad, anything further? No, Your Honor. I think the briefs and my original oral presentation speak to the points that the government made, and I won't rehash what's already been said. Well, thank you, counsel. We appreciate your accepting the appointment in this case, and your assistance to the court as well as to your client. The case is taken under advisement.